UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| YSAURA MEZON, individually and as parent of O.M.; LUCIA MEJIA, individually and as parent of E.V.; MARIA PIRIR, individually and as parent of M.P.; JUAN CRUZ ESTEVEZ, individually and as parent of Y.T.; on behalf of themselves and all others similarly situated,<br>　　　　　　　　*Plaintiffs*,<br><br>　　　　v.<br><br>PROVIDENCE PUBLIC SCHOOL DEPARTMENT; PROVIDENCE PUBLIC SCHOOL BOARD; RHODE ISLAND DEPARTMENT OF EDUCATION; and ANGÉLICA INFANTE-GREEN, Commissioner of Education,<br>　　　　　　　　*Defendants* | :<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: C.A. No. 1:24-cv-00161-JJM-LDA<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

**ANSWER OF DEFENDANTS RHODE ISLAND DEPARTMENT OF EDUCATION, ITS COMMISSIONER AND THE PROVIDENCE PUBLIC SCHOOL DEPARTMENT**

Defendants, RHODE ISLAND DEPARTMENT OF ELEMENTARY AND SECONDARY EDUCATION ("RIDE"), ANGÉLICA INFANTE-GREEN, in her official capacity as Commissioner of Education (the "Commissioner") and the PROVIDENCE PUBLIC SCHOOL DEPARTMENT ("PPSD" and collectively, the "Defendants") hereby answer the Verified Class Action Complaint of Plaintiffs.

VERIFIED CLASS ACTION COMPLAINT PRELIMINARY STATEMENT

1. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

2. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

3. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

4. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

1

5. Admitted as to the factual allegation that "In 2018 PPSD entered into a settlement agreement with the U.S. Department of Justice (DOJ) after DOJ presented PPSD with a notice of violation of the EEOA citing 12 specific areas of violation of the EEOA by PPSD. The Settlement Agreement remains in effect and PPSD is still working to remediate the cited violations. After the State's takeover of the Providence Public Schools the parties to the Settlement Agreement agreed that due to the Takeover Order the Settlement is binding on RIDE in the same manner as PPSD." All other remaining allegations in this paragraph contain legal conclusions and, on that basis, the allegations are denied.

6. Denied.

7. Denied as to the allegation that "Spanish speaking immigrant families and students . . . comprise nearly 60% of the students at the [360 High School]." Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, the allegations are denied.

8. Denied as to the allegations that 360 High School students will be "reassign[ed] . . . to a school that is, in all critical regards relating to their language access and support, lower performing than the school being closed," or will be "scattered" to the four corners of the school district." Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

9. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

10. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

11. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

12. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

13. Denied.

## JURSIDCTION AND VENUE

14. Admitted.

15. Admitted.

16. Admitted.

17. Admitted.

## PARTIES

### INDIVIDUAL PLAINTIFFS

18. – 26. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

27. Denied as to the allegation that "[t]he students listed in paragraphs 18 through 26 are being and will continue to be harmed by the actions of the Defendants including but not limited to, the failure to provide equal educational opportunities by closing their school and depriving them of the exceptional language access and support that they have not experienced in other Providence public schools."  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

28. Denied as to the allegation that "[t]he parents listed in paragraphs 18 through 26 are being and will continue to be harmed by the actions of the Defendants including but not limited to, the failure to provide equal educational opportunities by closing their school and depriving them of the exceptional language access and support that they have not experienced in other Providence public schools as the Spanish speaking parents of MLLs."

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

29. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

## DEFENDANTS

30. Admitted.

31. Admitted.

32. This paragraph appears to be directed to a different party in this matter. To the extent that the allegations contained in this paragraph pertain to a different party, no response is required by Defendants. To the extent that any of the allegations contained in this paragraph pertains to or bears on the ultimate liability of Defendants, these allegations are denied.

33. Admitted.

34. Admitted.

35. Admitted.

36. Admitted.

37. Admitted.

38. Admitted.

39. Admitted.

## CLASS ALLEGATIONS

40. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

41. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

42. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

43. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

44. Denied.

45. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

46. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

## STATUTORY SCHEME

47. Admitted.

48. Admitted.

49. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

50. Admitted.

51. Admitted.

52. Admitted.

53. Admitted.

54. Admitted.

55. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

56. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

57. Admit that RIDE/PPSD "have made specific commitments to DOJ to ensure that MLL students and their families are provided true and complete language access in the Providence schools and PPSD programs." Denied as to all remaining allegations in this paragraph.

58. Denied.

59. Denied.

60. The allegation that "[t]he RIDE/PPSD closing of 360 High School denies these students and families equal educational opportunities and defines the failure to take appropriate

action by the Defendants in violation of the EEOA" calls for a legal conclusion and, on that basis, the allegation is denied. Denied as to all remaining allegations in this paragraph.

## FACTS

### 360 HIGH SCHOOL

61. Admitted.

62. Denied.

63. Denied.

64. Denied.

65. Denied.

### THE DECISION TO CLOSE 360 HIGH SCHOOL

66. Defendants admit that Superintendent Javier Montañez attended a meeting concerning 360 High School on February 6th, that families were notified by email, and that students were told in person at school on February 7th. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this paragraph and, on that basis, the allegations are denied.

67. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

68. Denied.

### THE RIDE/PPSD FAILURE TO PROTECT EQUAL EDUCATIONAL OPPORTUNITIES FOR 360 HIGH SCHOOL STUDENTS AND THEIR FAMILIES

69. Admitted as to the allegation that "On the 2023 state-collected Surveyworks data MLL students, their families, faculty and staff all rated 360 High School higher than did those at JSEC." Denied as to the allegation that "On the 2023 state-collected Surveyworks data MLL

6

students, their families, faculty and staff all rated 360 High School higher . . . than the districtwide and statewide ratings on nearly every measure."

70. Admitted as to the allegation that "360 High School MLL students rated school climate, . . . school rigorous expectations, [and] school safety . . . higher than MLL students at JSEC." Denied as to the allegation that "360 High School MLL students rated . . . school safety . . . higher than MLL students at all other PPSD high schools." As to all remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

71. Admitted as to the allegation that "360 High School parents rated . . . school safety . . . higher than . . . parents in all RI high schools." As to all remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

72. – 77. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

78. The allegation that "[t]he decision to dismantle 360's experienced and capable administrative team and faculty and reassign the 360 High School students to JSEC, with a first year high school principal and a faculty with more than six times the rate of chronic absenteeism over the past six years (2% at 360 and 12.6% at JSEC), constitutes a failure by PPSD/RIDE to take appropriate action to ensure that 360 High School MLL students and families have access to equal educational opportunities in the Providence public schools" calls for a legal conclusion and, on that basis, the allegation is denied. As to all remaining allegations in this paragraph,

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

79. – 81. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied.

82. Denied.

83. This paragraph contains legal conclusions and, on that basis, the allegations are denied.

84. As to the allegation that "Students and families have since testified before the Providence School Board and the Providence City Council [and] expressed the loss and harm they have faced with confront by what has been presented to them as an irreversible position," Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, the allegations are denied. Denied as to all remaining allegations in this paragraph.

### THE RIDE/PPSD HISTORY OF EEOA VIOLATIONS

85. Admitted.

86. Admitted.

87. Denied.

### COUNT I

### EQUAL EDUCATION OPPORTUNITY ACT OF 1974

88. Defendants restate and incorporate by reference herein their answers to Paragraphs 1-87 as if expressly set forth in response to this Count and Paragraph.

89. Admitted

90. Denied.

91. Denied.

92. Denied.

93. Denied.

94. Denied.

## FIRST DEFENSE

Plaintiffs have failed to state a claim upon which relief can be granted.

## SECOND DEFENSE

All actions taken by Defendants were in good faith.

## THIRD DEFENSE

Plaintiffs have no right to attorneys' fees, costs and/or expenses.

## FOURTH DEFENSE

Plaintiffs have failed to exhaust all available administrative remedies.

## FIFTH DEFENSE

Plaintiffs' action is premature, and their alleged damages are entirely speculative and do not support a claim for injunctive relief.

## SIXTH DEFENSE

Plaintiffs' alleged class should not be certified due to a lack of numerosity and typicality.

**WHEREFORE**, Defendants respectfully request that this Court:

    a. Enter judgment for Defendants, dismissing all claims;

    b. Award Defendants costs, expenses and reasonable attorneys' fees; and

    c. Grant such additional relief to Defendants as the Court deems just and proper.

Defendants,
RHODE ISLAND DEPARTMENT OF EDUCATION
and ANGÉLICA INFANTE-GREEN, in her official
capacity as Commissioner of Education,

By their attorneys,

/s/ A.F. Cottone
/s/ Kaelyn R. Phelps Prigge
_____
Anthony F. Cottone, Esq. (#3922)
Kaelyn R. Phelps Prigge, Esq. (# 10171)
Rhode Island Department of Education
255 Westminster Street, 4th Floor
Providence, Rhode Island 02903
(401) 222-8977
anthony.cottone@ride.ri.gov
kaelyn.phelps@ride.ri.gon


Defendant,
THE PROVIDENCE PUBLIC SCHOOL
DEPARTMENT,

By its attorney,

/s/ Mary Ann Carroll
/s/ Aubrey Lombardo
_____
Mary Ann Carroll, Esq. (# 6664)
Aubrey Lombardo, Esq (# 7546)
Henneous Carroll Lombardo LLC
155 S. Main Street, Suite 406
Providence, RI 02903
401-424-5224
macarroll@hcllawri.com
alombardo@hcllawri.com

Dated:  April 26, 2024

## **CERTIFICATION**

      I hereby certify that, on this 26th day of April, 2024, I caused this document to be filed with the Court's electronic filing system and served by electronic mail upon Jennifer Wood, Esq. at jwood@centerforjustice.org and Jihn Kawashan, Esq., at jkawashan@centerforjustice.org.  The document electronically filed and served is available for viewing and/or downloading from the Rhode Island Judiciary's Electronic Filing System.

      /s/ A.F. Cottone
      _____