STATE OF RHODE ISLAND AND PROVIDENCE PLANTATIONS
COMMISSIONER OF EDUCATION

In re: Providence Public Schools District        :                    RIDE No. 19-089

## ORDER OF CONTROL AND RECONSTITUTION

Based on the foregoing Findings of Fact, the Commissioner hereby also finds that "after a three (3) year period of support there has not been improvement in the education of students [in the Providence Public School District ("PPSD")] as determined by objective criteria." R.I. Gen. Laws § 16-7.1-5(a). In fact, a considerably longer period of time has transpired with extensive interventions and supports producing no measurable improvement in the educational outcomes of PPSD's students. Accordingly, the Commissioner, pursuant to her duties as Commissioner of Education as set forth in R.I. Gen. Laws §§ 16-1-5 and 16-60-6 and pursuant to those powers delegated to her by the Council on July 23, 2019, hereby assumes control and decision-making authority over PPSD and schools within PPSD subject to the following terms and conditions:

1.        The Commissioner shall control the budget, program, and personnel of PPSD and its schools and, if further needed, the Commissioner shall reconstitute PPSD schools, which may include restructuring the individual school's governance, budget, program, personnel and/or decisions related to the continued operation of the school. The Commissioner shall exercise all the powers and authorities delegated by the Council to the Commissioner and all powers of RIDE over the budget, program and personnel of PPSD and over the individual school's governance. The Commissioner shall also have all powers and authorities currently exercised by the Providence School Board and Superintendent (Acting, Interim or Permanent), as well as all powers and

authorities of the Mayor of Providence, and the Providence City Council as it pertains to PPSD and its schools.

2.      This control may be exercised in collaboration with the City of Providence.  Such collaboration may be pursuant to a separate agreement.

3.      The Commissioner may retain a State Turnaround Superintendent and/or other designee(s) each of whom shall serve at the Commissioner's pleasure and may replace the PPSD Superintendent (Acting, Interim or Permanent).  The Commissioner may delegate to the State Turnaround Superintendent and/or other designee(s) any or all of the powers delegated to her by the Council on July 23, 2019 and any or all of her powers as Commissioner of Education to carry out Paragraph 1 of this Order; provided, however, that the Commissioner shall have final decision-making authority.

4.      Upon appointment, the State Turnaround Superintendent and/or other designee(s) shall immediately begin a process to co-create a Turnaround Plan with the Commissioner.  Before, during, and after the development of such a Turnaround Plan, the State Turnaround Superintendent and/or other designee(s) shall engage, be accessible, and be responsive to students, parents, families, educators and the public broadly.  This engagement may include, but not be limited to, public forums and current existing structures such as parent organizations and community advisory boards, as well as any new undefined structures at the discretion of the State Turnaround Superintendent and/or other designee(s) and the Commissioner.  This process of developing a Turnaround Plan shall also include an opportunity for public engagement for the purpose of soliciting recommendations for the content and ultimate goals of the Turnaround Plan from a broad variety of stakeholders, including, but not limited to, the City Council, the Mayor, School Board, school leaders, educators, students, parents, families, and community members. Approval of the

Turnaround Plan shall occur after this opportunity for public engagement. The Turnaround Plan shall take into account the issues that youth and families identify, and will include, among other things, the following: (i) provisions, policies, and practices to ensure transparency in the implementation of the Turnaround Plan, (ii) respect, recognition, and value for the diverse communities served by PPSD, (iii) provisions to afford students and parents sufficient opportunity to measure the progress of the Turnaround Plan; and (iv) provisions to afford relevant stakeholders, including students and parents, sufficient mechanisms to express their opinion on material decisions. Whether the Turnaround Plan satisfies the foregoing requirements shall be determined by the Commissioner in her discretion.

5.    The State Turnaround Superintendent and/or other designee(s) shall oversee the implementation of the Turnaround Plan for PPSD, provided, however, that the Commissioner shall have final decision-making authority.  The State Turnaround Superintendent and/or other designee(s) shall be deemed to act in the name of the Commissioner for the purpose of carrying out Paragraph 1 of this Order and shall exercise the power to do all acts and take all measures necessary or proper upon all matters embraced by the Turnaround Plan.

6.    The Commissioner and State Turnaround Superintendent and/or other designees may jointly develop additional components of the plan and shall jointly develop annual goals for each component of the Turnaround Plan.  The State Turnaround Superintendent and/or other designee(s) shall be accountable for meeting the goals of the Turnaround Plan.  The Commissioner and the State Turnaround Superintendent and/or other designees shall annually evaluate the progress and results of the Turnaround Plan, and shall consult with the School Board in connection therewith. Any documented annual evaluation shall be available to members of the public, the Mayor of the City of Providence, the Providence School Board, and the Providence City Council

(except insofar as the evaluation is not a public record under the Access to Public Records Act, R.I. Gen. Laws § 38-2-1, and except insofar as any other law requires that portions of the annual evaluation be withheld from public release).

7.      This Turnaround Plan shall be authorized for an initial period of five years from the effective date of this Order.  The Commissioner shall then evaluate the progress of the Turnaround Plan with reference to the specific goals relating to student achievement to be articulated in the Plan, and following input by a variety of stakeholders – including, but not limited to, the City Council, the Mayor, the School Board, school leaders, educators, students, parents, families, and community members – shall decide, at her discretion, whether to continue the turnaround under an adjusted plan or extend the current Turnaround Plan; and the Commissioner shall make and publish any specific factual findings in support of any decision to continue the turnaround.

8.      Throughout the duration of this Order, the City of Providence and the local school committee shall have all of the responsibilities set forth in R.I. Gen. Laws § 16-7.1-5, a copy of which is attached.

9.      Beginning on November 1, 2019 and throughout the duration of this Order, all employees of PPSD shall report to the State Turnaround Superintendent or, in the absence of a State Turnaround Superintendent, the Commissioner.

This ORDER is entered this 15th day of October, 2019


Angélica Infante-Green
Commissioner

# TITLE 16
## Education

## CHAPTER 16-7.1
### The Paul W. Crowley Rhode Island Student Investment Initiative [See Title 16 Chapter 97 – The Rhode Island Board of Education Act]

### SECTION 16-7.1-5

**§ 16-7.1-5. Intervention and support for failing schools.**

(a) The board of regents shall adopt a series of progressive support and intervention strategies consistent with the Comprehensive Education Strategy and the principles of the "School Accountability for Learning and Teaching" (SALT) of the board of regents for those schools and school districts that continue to fall short of performance goals outlined in the district strategic plans. These strategies shall initially focus on: (1) technical assistance in improvement planning, curriculum alignment, student assessment, instruction, and family and community involvement; (2) policy support; (3) resource oversight to assess and recommend that each school has adequate resources necessary to meet performance goal; and (4) creating supportive partnerships with education institutions, business, governmental, or other appropriate nonprofit agencies. If after a three (3) year period of support there has not been improvement in the education of students as determined by objective criteria to be developed by the board of regents, then there shall be progressive levels of control by the department of elementary and secondary education over the school and/or district budget, program, and/or personnel. This control by the department of elementary and secondary education may be exercised in collaboration with the school district and the municipality. If further needed, the school shall be reconstituted. Reconstitution responsibility is delegated to the board of regents and may range from restructuring the school's governance, budget, program, personnel, and/or may include decisions regarding the continued operation of the school. The board of regents shall assess the district's capacity and may recommend the provision of additional district, municipal and/or state resources. If a school or school district is under the board of regents' control as a result of actions taken by the board pursuant to this section, the local school committee shall be responsible for funding that school or school district at the same level as in the prior academic year increased by the same percentage as the state total of school aid is increased.

(b) For FY 2007, the department shall dedicate one hundred thousand dollars ($100,000) from funds appropriated to support progressive support and intervention and SALT visits to support the Rhode island Consortium for Instructional Leadership and Training. This consortium is engaged in training school leaders to be more effective instructional leaders in the standards based instruction environment.

History of Section.
(P.L. 1997, ch. 30, art. 31, § 1; P.L. 1998, ch. 31, art. 31, § 1; P.L. 2002, ch. 65, art. 18, § 1; P.L. 2003, ch. 376, art. 9, § 7; P.L. 2004, ch. 595, art. 23, § 5; P.L. 2005, ch. 117, art. 13, § 1; P.L. 2006, ch. 246, art. 19, § 2.)